Coös,
Feb. 2, 1937.

JESSE A. BLANCHARD & a. *v.* HARRY J. BALDWIN & a.

*Bernard Jacobs* (by brief and orally), for Jesse A. Blanchard.

*Fred W. Baker* (by brief and orally), for Lucie B. Wheeler.

MARBLE, J.   While it has been said that "where two or more are interested as mortgagees or assignees of a mortgage, it is necessary that all shall be joined in a bill to foreclose" (*Johnson* v. *Brown*, 31 N. H. 405, 411; *Page* v. *Pierce*, 26 N. H. 317, 326), this statement is not in contravention of the general rule that one person has no right to bring an action in the name of another, who is more than a nominal party, without the latter's consent (*Manchester Bank* v. *Fellows*, 28 N. H. 302, 307).

The statement means no more than that all those who have an interest in the mortgage must either join as plaintiffs or be joined as defendants in the foreclosure suit.   The principle has been thus stated: "Where a joint or several mortgage is foreclosed by one of the mortgagees, and the remaining mortgagees refuse to unite as co-plaintiffs in the action, they are uniformly held necessary defendants, for the reason that their omission fails to give the court complete jurisdiction over the mortgage debt."   1 Wiltsie, Mort. Foreclosure (4th *ed.*), s. 397.   To the same effect, see 42 C. J. 46; 19 R. C. L. 526.

It follows that the motion of Lucie B. Wheeler to strike her name

from the record as a party plaintiff should have been granted.   But it does not follow that the bill should be dismissed or that Lucie B. Wheeler's rights will be prejudiced by a continuance of the proceedings.   She cannot of course, by refusing to join as a plaintiff, divest the others of their right to foreclose (*Sanford* v. *Bulkley*, 30 Conn. 344, 349), but, after she has been properly made a party to the suit, she may, if the protection of her interest as co-owner requires it, invoke the equitable jurisdiction of the court to preserve the property by receivership (5 Pom., Eq. Jur., (2d *ed.*), *p.* 4813) during the period of redemption and pending an ultimate order of partition or sale (*Heaton* v. *Bartlett*, 87 N. H. 357, 361, and cases cited).

*Case discharged.*

PAGE, J., was absent: the others concurred.